**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HECTOR URIEL GERARD SOLANO,

Petitioner,

v. No. 1:26-cv-01939-MLG-DLM

GEORGE DEDOS, Warden, Cibola County Correctional Center, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Hector Uriel Gerard Solano's Petition for Writ of Habeas Corpus ("Petition"), Doc. 1. Gerard Solano challenges his continued immigration detention without an individualized custody determination and seeks immediate release—or, in the alternative, a bond hearing. *Id.* at 3; *see also id.* at 22 (requesting related declarative and injunctive relief). Federal Respondents[1] do not contest the facts presented in the Petition nor that they are materially indistinguishable from other habeas petitions granted by this Court. *See* Doc. 5 at 2; Doc. 8.

Accordingly, because there is no indication that Gerard Solano (1) is being held pursuant to 8 U.S.C. § 1226(c), or (2) has an administratively final order of removal, the Court concludes § 1226(a) governs his detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not §

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other the Warden of Cibola County Correctional Center.

1225(b)(2)(A)"). Gerard Solano's detention without a bond hearing therefore constitutes an ongoing violation of his right to due process under the Fifth Amendment to the U.S. Constitution. *See Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1298 (D.N.M. Dec. 2025); *see also Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination. . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights.").

In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *Sosa v. De Anda-Ybarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing).[2]

[2] On July 21, 2026, Respondents filed a Motion to File a Surreply, Doc. 10, "to clarify their position that it [sic] consents to a bond hearing consistent with *Santillan Quiroz v. Mullin*," not with Gerard Solano's proposed form of relief: immediate release. *Id.* at 2. The decision to either grant or deny a motion to file a surreply is left to the sound discretion of the Court. *See Perna v. Bd. of Cnty. Comm'rs of Cnty. of Bernalillo*, 2023 WL 10681613, *1 (D.N.M. Apr. 10, 2023). In exercising its discretion, the Court considers whether the movant's reply presents new arguments and whether the nonmovant's proposed surreply would be helpful to the resolution of the pending petition for a writ of habeas corpus. *See id.* (citing *Gates v. District of Columbia*, 66 F. Supp. 3d 1, 29 (D.D.C. 2014)). Neither consideration favors granting leave for Respondents to file a surreply. First, Gerard Solano's reply does not raise new arguments for relief. *Compare* Doc. 1 at 3*, with* Doc. 9 at 3-4 (both requesting immediate release to remedy an unconstitutional deprivation of due process). And, to the extent that Gerard Solano's reply no longer sought a bond hearing as an alternative form of relief, Respondents' proposed surreply would not change the Court's position that immediate release is the appropriate remedy. *See* Doc. 10; *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than four-eight hours from this Order's filing) Gerard Solano from custody.
2. Upon Gerard Solano's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA